IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CR-344-RAH-KFP |
| | ) | |
| LONNIE DONTAE MITCHELL | ) | |

**RECOMMENDATION OF MAGISTRATE JUDGE**

Upon consideration of Defendant's Motion to Dismiss (Doc. 146), the undersigned RECOMMENDS that the motion be DENIED, as set forth below.

## I. INTRODUCTION

On July 14, 2021, a grand jury indicted Defendant on seven counts, including two counts of interstate transportation for prostitution in violation of 18 U.S.C. § 2422. Doc. 1. On December 1, 2020, the Government filed a superseding indictment adding three counts under § 2422 of interstate transportation for prostitution. Doc. 55 at 5–6.

Defendant filed a Motion to Dismiss the Indictment, arguing that the Government's failure to specify whether Defendant was charged under § 2422(a) or (b) places an undue burden on Defendant. Doc. 146 at 1–2. In the Government's response motion, it argues that the counts, as written, clearly charge the defendant under subsection (a). Doc. 150 at 2.

The superseding indictment charges in counts 8-10 the following:

<u>Count 8</u>

(Interstate Transportation for Prostitution)

On or about July 17, 2019, in Montgomery County, Alabama, and elsewhere, within the Northern Division of the Middle District of Alabama, the defendant, LONNIE DONTAE MITCHELL, knowingly persuaded, induced,

1

enticed, and coerced LRE and BTJ, whose identit[ies] [are] known to the Grand Jury, to travel in interstate commerce from Alabama to Georgia, with intent that LRE and BTJ engage in prostitution and any sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422.

Count 9

(Interstate Transportation for Prostitution)

On or about August 26, 2019, in Montgomery County, Alabama, and elsewhere, within the Northern Division of the Middle District of Alabama, the defendant, LONNIE DONTAE MITCHELL, knowingly persuaded, induced, enticed, and coerced LRE and BTJ, whose identities are known to the Grand Jury, to travel in interstate commerce from Alabama to Florida, with intent that LRE and BTJ engage in prostitution and any sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422.

Count 10

(Interstate Transportation for Prostitution)

On or about August 21, 2020, in Montgomery County, Alabama, and elsewhere, within the Northern Division of the Middle District of Alabama, the defendant, LONNIE DONTAE MITCHELL, knowingly persuaded, induced, enticed, and coerced LRE, BJH, and BTJ, whose identities are known to the Grand Jury, to travel in interstate commerce from Alabama to Georgia, with intent that LRE, BJH, and BTJ engage in prostitution and any sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422.

Doc. 55 at 5–6.

## II.   LEGAL STANDARD

A court may review the legal sufficiency of an indictment on a pre-trial motion to dismiss. *See United States v. Salman*, 378 F.3d 1266, 1267–68 (11th Cir. 2004) (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)). "The sufficiency of an indictment is determined 'from its face.'" *United States v. Dean*, 606 F. Supp. 2d 1335,

1336 (M.D. Ala., Mar. 6, 2009) (citing *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006)); *Salman*, 378 F.3d at 1268 (citing *Critzer*, 951 F.2d at 307). "When analyzing challenges to the sufficiency of an indictment, courts give the indictment a common[-]sense construction, and its validity is to be determined 'by practical, not technical, considerations.'" *United States v. Gold*, 743 F.2d 800, 812 (11th Cir. 1984) (citing *United States v. Morano*, 697 F.2d 923, 927 (11th Cir. 1983); *United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir. Unit A 1981)). The primary purpose of an indictment is "to inform the defendant of the nature of the accusation against him." *Russell v. United States*, 369 U.S. 749, 767 (1962).

A valid indictment (1) states the elements of the offense charged and (2) informs the defendant with the nature of the accusation against him. *Sharpe*, 438 F.3d at 1263 (citing *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003)); *United States v. Debrow*, 346 U.S. 374, 376–78 (1953) (an indictment should "clearly inform[] the defendants of that with which they were accused, so as to enable them to prepare their defense and to plead the judgment in bar of any further prosecutions for the same offense."). An indictment that follows the language of the statute "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *Sharpe*, 438 F.3d at 1263 (citing *Bobo*, 344 F.3d at 1083); *Hamling v. United States*, 418 U.S. 87, 117–18 (1974) (citing *United States v. Hess*, 124 U.S. 483, 487 (1888)) (indictment must contain elements of offense and include enough facts to inform defendant of the specific offense); *see* Fed. R. Crim. P. 7(c)(1).

Rule 7(c)(1) of the Federal Rules of Criminal Procedure also requires that an indictment "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." However, an indictment is not invalid for merely failing to specify the subsection under which a defendant is charged. *See Dean*, 606 F. Supp. 2d at 1336–40 (denying defendant's motion to dismiss due to indictment's failure to specify subsection because indictment clearly tracked language of applicable subsection's language, thus providing defendant sufficient notice); *United States v. Germany*, 296 F. App'x 852, 862–63 (11th Cir. 2008) (indictment was not defective despite government's failure to specify subsection, in part, because language unambiguously followed the appropriate subsection's language).

Indeed, an indictment is valid even if it could have been made more definite.[1] *Debrow*, 346 U.S. at 376 (citing *Cochran v. United States*, 157 U.S. 286, 290 (1895); *Hagner v. United States*, 285 U.S. 427, 431 (1932) ("The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.")). "[W]hile the accused must be afforded full protection, the guilty shall not escape through mere imperfections of

---

[1] Certain crimes "must be charged with greater specificity than an indictment parroting a federal criminal statute's language." *See United States v. Resendiz-Ponce*, 549 U.S. 102, 103 (2007) (citing *Russell*, 369 U.S. at 758). Defendant does not argue that § 2422 is one of those crimes. *See* Doc. 146.

pleading." *Hagner*, 385 U.S. at 432 (citing *Grandi v. United States*, 262 F. 123, 124 (6th Cir. 1920)).

### III. DISCUSSION

The superseding indictment is valid because counts 8-10 clearly charge Defendant under § 2422(a), state the statutory elements and relevant facts, and provide Defendant sufficient notice.

First, the superseding indictment is valid on its face based on a common-sense construction. Section 2422 includes the following two subsections:

> (a) Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce, or in any Territory of Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.
>
> (b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

The difference between § 2422(a) and (b) is apparent: subsection (a) pertains to *travel* within interstate or foreign commerce for purposes of engaging in criminal-sex acts, while subsection (b) pertains to *use of the mail or any facility or means of interstate or foreign commerce with individuals under the age of 18 years* for purposes of engaging in criminal-sex acts. Counts 8-10 each allege that Defendant "knowingly persuaded, induced, enticed, and coerced [the individuals] . . . *to travel* in interstate commerce . . . with intent that [the individuals] engage in prostitution and any sexual activity for which any person

5

can be charged with a criminal offense[.]" Doc. 55 at 5–6 (emphasis added). Defendant could not have reasonably been misled to believe that the superseding indictment charged him under subsection (b) when the language undoubtedly tracks that of subsection (a). Thus, on its face, the indictment is valid.

Second, counts 8-10 satisfy the two legal requirements discussed in *Sharpe*—each count states the elements and informs the defendant of the nature of the accusation. 438 F.3d at 1263 (citing *Bobo*, 344 F.3d at 1083); *Debrow*, 346 U.S. at 376–78. Section 2422(a) requires that the government prove a defendant (1) knowingly persuaded, induced, enticed, or coerced an individual (2) to travel in interstate or foreign commerce, or in any territory or possession of the United States, (3) to engage in prostitution or in any sexual act for which a person can be charged or attempts to do so. Counts 8-10 each concisely state these three elements. They also adequately inform Defendant of the sex-trafficking charges against him so that he may prepare a defense and bar any further prosecution for the same offense. *Debrow*, 346 U.S. at 376–78.

Third, language in counts 8-10 closely follows § 2422(a)'s language and includes sufficient factual detail. Each count features relevant dates, locations, and identities essential to the sex-trafficking allegations. Doc. 55 at 5–6. The counts even specify to which states Defendant is accused of transporting the individuals. Doc. 55 at 5–6. These facts provide Defendant the requisite information. Like in *Dean*, although the superseding indictment lacks specificity, it is still legally sufficient because it echoes subsection (a)'s language and includes the necessary facts. 606 F. Supp. 2d at 1336-40; *Sharpe*, 438 F.3d

6

at 1263 (citing *Bobo*, 344 F.3d at 1083); *Hamling*, 418 U.S. at 117–18 (citing *Hess*, 124 U.S. at 487); Fed. R. Crim. P. 7 (c)(1).

Defendant's one-sentence argument that the deficiency "creates ambiguity as it relates to these counts within the Indictment and places undue burden on the Defendant whereas the Government gets the option as to which elements should suffice in proving beyond a reasonable doubt each element of the charges found within said Indictment" is meritless. Doc. 146 at 2. As explained above, the Court does not believe there is any ambiguity regarding the indictment—Defendant is charged under § 2422(a). Defendant's remaining argument that counts 8-10 afford the Government "the option as to which elements should suffice in proving beyond a reasonable doubt each element of the charges found within said indictment" is puzzling. Doc. 146 at 2. To the extent Defendant is arguing that the deficiency affords the Government the advantage of choosing which subsection to pursue at trial, the Court disagrees. Subsection (a) and (b) require different elements. Because counts 8-10 charge Defendant under § 2422(a), the Government is required to prove those elements at trial.

While it may have been good practice for the Government to specify under which subsection Defendant was charged, its failure to do so does not invalidate the superseding indictment. *See Dean*, 606 F. Supp. 2d at 1136–37; *Germany*, 296 F. App'x at 862–63; *see also Debrow*, 346 U.S. at 377. Accordingly, the Court cannot recommend dismissing the superseding indictments due to the "mere imperfection[] of pleading." *Hagner*, 385 U.S. at 432 (citing *Grandi*, 262 F. at 124).

7

## IV. CONCLUSION

Accordingly, for the reasons set for above, the Magistrate Judge RECOMMENDS Defendant's Motion to Dismiss (Doc. 146) be DENIED.

It is further ORDERED that by **June 10, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 27th day of May, 2022.

                                        /s/ Kelly Fitzgerald Pate
                                        KELLY FITZGERALD PATE
                                        UNITED STATES MAGISTRATE JUDGE