IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21-cr-344-RAH |
| | ) | [WO] |
| LONNIE MITCHELL | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Lonnie Mitchell ("Mitchell") was charged on December 1, 2021, in a superseding indictment with one count of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and (c); four counts of sex trafficking by force, fraud, or coercion as a principal in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), and (b)(1) and 2; two counts of sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1); and three counts of interstate transportation for prostitution in violation of 18 U.S.C. § 2422.

On May 13, 2022, Mitchell filed *Defendant Lonnie Mitchell's Motion for Hearing pursuant to Franks v. Delaware* (Doc. 145), which the Court construed as a motion to suppress all evidence seized from two residences[1] (Yarbrough Street and Cotton Street) during the execution of a search warrant on September 16, 2020, and any statements made after his arrest on the same date.  Claiming the officers did not

---

[1] As noted by the Magistrate Judge, Mitchell's challenge to the search of the Cotton Street residence is in general terms. The motion to suppress primarily concerns the search of the Yarbrough Street residence. (Doc. 173 at 1, n.1.)

have probable cause to search the residences, Mitchell contends all evidence seized and statements made should be suppressed because the search violated the Fourth Amendment to the United States Constitution.

After reviewing the transcript of a two-part evidentiary hearing in a separate case[2] challenging the September 16, 2020 search, the Magistrate Judge recommended the court deny the motion to suppress in this case.  (Doc. 173.)  On June 6, 2022, Mitchell filed Objections (Doc. 199) to the Magistrate Judge's Report and Recommendation (Doc. 173), asserting essentially the same arguments as those previously raised in his motion to suppress.   Upon an independent and *de novo* review of the record, including a review of the transcript, and for the reasons that follow, the Court adopts the Recommendation of the Magistrate Judge that the Defendant's Motion to Suppress be denied.

## I.  STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions of the recommendation *de novo*.  28 U.S.C. § 636(b)(1).   The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions."  FED.R.CRIM.P. 59(b)(3).

---

[2] *See United States v. Mitchell*, No. 2:20-CR-224, Doc. 65.

*De novo* review requires the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980), it does require independent consideration of factual issues based on the record." *Id.* If the magistrate judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* The court has reviewed the transcript of the suppression hearing from the previous case in its entirety.

## II.  DISCUSSION

The Magistrate Judge provided a thorough recitation of the facts in her recommendation. Consequently, a summary of the facts related to the motion to suppress is not necessary, as the court adopts the Magistrate Judge's findings of fact.

In the Objections, Mitchell asserts that the Magistrate Judge erred in determining that the "good faith exception" to the exclusionary rule is applicable. Specifically, he asserts the affidavit failed to demonstrate the reliability or veracity of the three informants, did not provide a time frame for their purported knowledge, did not support allegations that a state criminal statute was violated, and lacked specific details. He argues there was no information demonstrating that the affiant

completed an independent investigation to corroborate the truthfulness of the informants' information.   In conclusion, he argues that the task force officer should have known that the affidavit was deficient.   All of these objections were raised as arguments in his motion to suppress and were thoroughly addressed by the Magistrate Judge.

In *United States v. Leon*, 468 U.S. 897, 923 (1984), the Supreme Court recognized a good faith exception to the exclusionary rule for searches conducted pursuant to warrants. Observing that the purpose of the exclusionary rule is to deter unlawful police conduct, the Court found that this purpose would not be served, and the rule should not be applied, when officers engage in "objectively reasonable law enforcement activity." 468 U.S. at 918–19. In particular, the Court held that the suppression of evidence would have no deterrent effect "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *Id*. at 920. Under *Leon*, searches conducted pursuant to warrants will rarely require suppression; however, the *Leon* court did identify four situations in which suppression would be appropriate. *Id*. at 923. These situations are: (1) where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) "where the issuing magistrate

wholly abandoned his judicial role"; (3) where the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) where, depending upon the circumstances of the particular case, a warrant is "so facially deficient – i.e., in failing to particularize the place to be searched or the things to be seized – that the executing officers cannot reasonably presume it to be valid." *Id*. at 923 (internal quotation marks omitted). These situations are inapplicable to Mitchell's case.

Furthermore, when considering the totality of the circumstances as set forth in the Report and Recommendation, this Court agrees that a reasonably well-trained officer would have relied upon the warrant.  *United States v. Taxacher*, 902 F.2d 867, 872 (11th Cir. 1990).  Consequently, this Court agrees with the Magistrate Judge's determination that the *Leon* good faith exception is applicable to the search of the Yarbrough and Cotton residences.

### III.  CONCLUSION

Accordingly, the court concludes as follows:

1.  The Report and Recommendation of the Magistrate Judge (Doc. 173) is ADOPTED;

2.  The Motion to Suppress (Doc. 145) is DENIED.

DONE, on this the 8th day of June, 2022.

        /s/ R. Austin Huffaker, Jr.
        R. AUSTIN HUFFAKER, JR.
        UNITED STATES DISTRICT JUDGE